IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                       RESPONDENT

v.                          No. 1:13-cr-10007
                            No. 1:17-cv-01042

JAMIE B. MARTIN                                                                     MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Jamie Martin ("Martin"). ECF No. 271. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 275. Martin has replied. ECF No. 283.

The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 271) be **DENIED**.

**1.      Background:**

On March 6, 2013, Martin was named in 4 counts of a 15-count Indictment filed in the Western District of Arkansas. ECF No. 1. Counts One and Two charged Martin with conspiracy to distribute methamphetamine while Counts Three and Four charged him with aiding and abetting in the distribution of methamphetamine. *Id.*

After Martin's arrest, the Court appointed John Pickett to represent him. ECF No. 13. On May 2, 2013, a Motion for Substitution of Counsel was filed requesting John Pickett be relieved as

counsel and replaced by Bill McLean. ECF No. 57. The Motion was granted on June 5, 2013. ECF No. 62. On June 11, 2013, Bill Luppen entered his notice of appearance along with Bill McLean as the attorneys of record for Martin. ECF No. 64.

On December 11, 2013, Martin appeared with counsel McLean and Luppen before United States District Judge Susan O. Hickey for a change of plea hearing. ECF No. 108. A Plea Agreement was presented to the Court that set forth Martin agreed to plead guilty to Count One of the 15-count Indictment. ECF No. 109. Martin's Plea Agreement contained a Waiver of Appellate and Post-Conviction Rights. ECF No. 109 ¶ 7. The Plea Agreement provided, among other things, the following appeal waiver in Paragraph 7:

> **WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS**
>
> 7. In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:
>
> a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);
>
> b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;
>
> c. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker,* 125 S.Ct. 738 (2005);
>
> d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;
>
> e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;
>
> f. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

The Court accepted Martin's plea and ordered a presentence report. ECF No. 108. On April 4, 2014, the Probation Office issued a final Presentence Investigation Report ("PSR") and recommended a sentence of 240 months imprisonment pursuant to the United States Sentencing Guidelines ("USSG"). ECF Nos. 131, 131-1. The PSR held Martin responsible for the equivalent of 5,000.2838 kilograms of marijuana, which resulted in a base offense level of 34. ECF No. 131 ¶¶ 61, 66. Martin received 2-level enhancement for each of the following factors: possessing a dangerous weapon, threatening to use violence against a person whom he had distributed to, and maintaining a drug premises. *Id.* ¶¶ 67-69. Further, Martin received a 4-level adjustment for being a leader/organizer of the underlying conspiracy. *Id.* ¶ 71. This resulted in an adjusted offense level of 44, which became his total offense level after not receiving any adjustments for acceptance of responsibility. *Id.* ¶¶ 73, 75-77. Martin's criminal history score was determined to be three, which established a criminal history category of II. *Id.* ¶¶ 86-87. The USSG sentence range was life imprisonment. *Id.* ¶ 115. However, the statutory maximum sentence was 20 years imprisonment. *Id.* ¶ 114. Thus, 20 years imprisonment became the USSG range for sentencing.

On April 9, 2015, Martin appeared before Judge Hickey for sentencing. ECF No. 208. After hearing the testimony of multiple government witnesses, the District Court sentenced Martin on Count One to 240 months imprisonment, three years supervised release, and a $100 special assessment and dismissed the remaining counts against him. ECF No. 209. The judgment was filed on April 15, 2015. *Id.*

After being granted an extension of time, Martin filed a notice of appeal on May 12, 2015. ECF No. 216. After the appellant's brief was filed, the United States filed a motion to dismiss Martin's appeal based upon Rule 27 of the Federal Rules of Appellate Procedure and Rule 27A of

the Eighth Circuit Rules of Appellate Procedure due to the appellate waiver contained in the Plea Agreement. *See* ECF No. 256. The Eighth Circuit agreed with the Government and issued its judgment on May 17, 2016 dismissing Martin's appeal. *Id.*

On June 16, 2017, Martin filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. ECF No. 271. On July 3, 2017, Martin filed a Supplement to his 28 U.S.C. § 2255 Motion. ECF No. 273. Thereafter, the Court directed the Government to respond to Martin's § 2255 Motion, and the Government responded on September 25, 2017. ECF Nos. 274-275. Martin has replied. ECF No. 283. This matter is now ripe for consideration.

**2.     Instant Motion:**

With the current Motion, Martin claims his counsel was ineffective, and he alleges five grounds of ineffective assistance of counsel:

    A.    Trial counsel allowed him to unknowingly and involuntarily enter into a Plea Agreement containing an appellate waiver;

    B.    Appellate counsel prematurely raised an ineffective assistance of counsel claim;

    C.    Trial counsel failed to inform him that drug amounts not admitted to would be used for relevant conduct;

    D.    Trial counsel failed to file a motion to suppress evidence; and

    E.    Trial counsel was ineffective for failing to contest the Government's violation of the terms of the Plea Agreement.

ECF No. 271. The Court will address each of these claims.

**3.     Applicable Law:**

Martin requests relief under 28 U.S.C. § 2255. ECF No. 271. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As noted above, Martin requests relief based upon his five arguments listed above. The Government has responded to each of these claims. ECF No. 275. The Court will address each of these specific issues.

However, as an initial matter and in considering these arguments, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however,

"counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

**4.     Discussion:**

    **A.     Plea Agreement with Appellate Waiver**

Martin claims his trial counsel was ineffective because he allowed Martin to unknowingly and involuntarily enter into a guilty plea with restrictive waivers and "questionable validity." ECF No. 271 at 5-6. Despite this claim, however, the record is replete with evidence establishing Martin's guilty plea with restrictive waivers was entered into knowingly and voluntarily.

Notably, as stated above, the Plea Agreement itself has an entire paragraph entitled "**WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS**" and supplies specifics to Martin on his appellate waivers. ECF No. 109 ¶ 7. During the change of plea hearing, Judge Hickey also made Martin aware that he had waived his right to appeal:

> THE COURT:   I am going to go back over one paragraph in the plea agreement with you, Mr. Martin, and that is paragraph seven. In this particular paragraph, you have waived certain post conviction and appellate rights. You have waived the right to appeal both the conviction and the sentence you received in this case. You have waived the right to collaterally attack the sentence and conviction, except under certain

> circumstances, and you have waived the right to ask for a modification of the sentence, unless the government comes in and files what we call a rule 35B downward departure. Now, these are constitutional rights and you are giving them up in this document, do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you willing to give up these rights?

THE DEFENDANT: Yes, ma'am.

*Id.* at 11-12.

During this change of plea hearing, the record also reflects that Judge Hickey questioned Martin extensively his decision to sign the Plea Agreement:

THE COURT: Do you have any questions about the Plea Agreement?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Now, Mr. Martin, have you read this plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: And have you gone over it with your attorneys?

THE DEFENDANT: Yes, ma'am

THE COURT: And, you understand what this plea agreement says?

THE DEFENDANT: Yes, ma'am.

. . .

THE COURT: Did you sign this plea agreement?

THE DEFENDANT: Yes, ma'am

THE COURT: Okay. Is this signature voluntary and of your own free will?

THE DEFENDANT: Yes, ma'am

| | |
|---|---|
| THE COURT: | Okay. Did anyone force or threaten you to sign this agreement? |
| THE DEFENDANT: | No, ma'am |
| THE COURT: | Did anyone make you any promises, other than those that are contained within the plea agreement to get you to sign the plea agreement? |
| THE DEFENDANT: | No, ma'am |
| THE COURT: | Anyone put any pressure on you to sign it? |
| THE DEFENDANT: | No, ma'am |
| THE COURT: | Okay. Have you had any alcohol to drink today? |
| THE DEFENDANT: | No, ma'am |
| THE COURT: | Have you had any drugs, prescription or otherwise that would [in] anyway influence you or impede your ability to make a free and voluntary decision? |
| THE DEFENDANT: | No, ma'am. |

*Id.* at 11-13.

For Martin to prevail on a claim that a plea was unknowing and involuntary, he must demonstrate such a strong degree of "misunderstanding, duress, or misrepresentation" by the Court, Government, or his own counsel that his plea would become "a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison,* 431 U.S. 63, 75 (1977). Based upon this review of the record, the Court finds Martin had a complete understanding of the constitutional protections he waived and his charge and sentence. Indeed, Martin not only signed the Plea Agreement with the waivers but had those waivers fully explained to him by Judge Hickey and was given the opportunity to object to this waivers *after* they were explained to him. There is no basis for an ineffective assistance of counsel claim regarding the involuntariness of Martin's appellate waviers.

### B. Direct Appeal

Martin argues his appellate counsel was ineffective because he prematurely raised an ineffective assistance of counsel claim. ECF No. 271 at 6-8. Specifically, Martin argued his appellate counsel *should not* have raised an ineffective assistance of counsel claim on direct appeal because the record was not fully developed. *Id.* Martin claims his counsel should have waited until the current § 2255 Motion. *Id.*

Upon review of this claim, even assuming Martin's appellate counsel was ineffective for raising this issue prematurely, Martin is still not entitled to relief. To be entitled to relief, Martin must still established he was prejudiced by his appellate counsel's actions. *See Strickland*, 466 U.S. at 694. Martin certainly cannot establish prejudice on this issue. Indeed, the fact that his appellate counsel raised this issue on direct appeal in no way impacted his rights as to the current § 2255 Motion. Martin was not prejudiced in any other way as a result of his appellate counsel's conduct. There is no basis for an ineffective assistance of counsel claim on this issue.

### C. Relevant Conduct

Martin claims his counsel was ineffective because he failed to advise him that additional drug quantities would increase his sentence, and his counsel "promised" him he would only receive a 5-year sentence. ECF No. 271 at 8-9. Upon review of this claim, however, the Court finds Martin is not entitled to relief on this claim for two reasons.

First, Martin pled guilty to Count One and entered into a Plea Agreement wherein he waived a challenge such as this. As noted above, the record demonstrates the plea was entered into knowingly and voluntarily; as such, it not subject to this collateral attack. *See Bass v. United States,* 739 F.2d 405, 406 (8th Cir. 1984) (per curiam) ("Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea").

Second, as for Plaintiff's claims regarding his counsel's promises or advice regarding his sentence, the Court notes the Plea Agreement established "**MAXIMUM PENALTIES**" which provide "a maximum term of imprisonment for twenty (20) years." ECF No. 109 ¶ 10. This Plea Agreement as provided "**RELEVANT CONDUCT CONSIDERED**" wherein the Government was permitted at the sentencing hearing "to bring to the Court's attention" "all relevant information with respect to defendant's background . . . including the conduct that is the subject of this investigation for which he *has not been charged* up to the date of the Agreement, and/or which is the basis for any of the counts *which will be dismissed pursuant to this agreement*, as provided by § 1B1.3 of the Sentencing Guidelines." *Id.* ¶ 15 (emphasis added).

Thus, even assuming Martin's counsel erroneously informed him about his sentence or the relevant conduct, the Plea Agreement specifically provided for this issue. Martin was given notice of maximum penalties and the impact of relevant conduct, he is not entitled to relief. *See Thomas v. United States,* 27 F.3d 321, 326 (8th Cir. 1994) (recognizing the law in Eighth Circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences). There is no basis for an ineffective assistance of counsel claim on this issue.

### D. Motion to Suppress

Martin claims his trial counsel was ineffective for failing to file a motion to suppress. ECF No. 271 at 9-11. Martin claims that his trial counsel should have moved to suppress certain photographs taken by a confidential informant. *Id.* For two reasons, the Court finds to this argument is meritless.

First, as noted above, Martin pled guilty. A guilty plea forecloses an argument such as this one. *See Smith v. United States,* 876 F.2d 655, 657 (8th Cir. 1989) (citation omitted) (recognizing

that in pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction). Second, even if this issue were not waived by Martin's guilty plea, Martin still is not entitled to relief. When an ineffective assistance of counsel claim is based on counsel's failure to file a motion to suppress, the claimant must prove that the motion would have been meritorious. *See, e.g., United States v. Luke,* 686 F.3d 600, 605 (8th Cir. 2012). In the present action, Martin has made no demonstration that would show a motion to suppress would have been meritorious. ECF No. 271 at 9-11. Accordingly, the Court finds no basis for relief on this issue.

### E. Government's Alleged Violation

Martin claims his counsel was ineffective for "failing to contest the AUSA's violation of the terms of the plea agreement." ECF No. 271 at 26-28. In making this argument, Martin appears to claim the AUSA violated the terms fo the Plea Agreement by "lur[ing]" him into pleading guilty while still hitting him with the "maximum penalty of 240 months." *Id.* Martin claims his counsel should have objected to the AUSA's conduct. *Id.*

Upon review of this claim, the Court finds no misconduct on behalf of the AUSA. The Plea Agreement specifically states the maximum penalties. As recognized above, Martin stated he fully understand the terms of the Plea Agreement and voluntarily signed the Plea Agreement. As such, the Court cannot find Martin's counsel was ineffective for failing to object to a violation of the Plea Agreement that did not occur. *See Scarberry v. Iowa,* 430 F.3d 956, 959 (8th Cir. 2005) (recognizing that the failure to raise a meritless argument is not ineffective assistance of counsel).

### 5. Evidentiary Hearing:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this

matter. Martin is clearly not entitled to the relief he seeks.[1]  Further, I find Martin has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**6.     Recommendation:**

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from this dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **15th day of March 2018.**

        /s/ Barry A. Bryant      
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).