IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMIE B. MARTIN                                                                                          PETITIONER

v.                                    Case No. 1:13-cr-10007-001
                                      Case No. 1:17-cv-1042

UNITED STATES OF AMERICA                                                                       RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed March 12, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 289). Judge Bryant recommends that the Court deny Petitioner Jamie B. Martin's Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure 36. (ECF No. 264). Petitioner has filed objections. (ECF No. 295). The Court finds the matter ripe for consideration.

On March 6, 2013, Petitioner was named in four counts of a fifteen-count Indictment filed in the Western District of Arkansas. Counts One and Two charged Petitioner with conspiracy to distribute methamphetamine, and Counts Three and Four charged him with aiding and abetting in the distribution of methamphetamine. On December 11, 2013, Petitioner appeared before the Court with counsel Bill McLean and William Luppen, and pleaded guilty to Count One, pursuant to a written plea agreement. On April 9, 2015, the Court sentenced Petitioner to 240 months' imprisonment and three years' supervised release, imposed a $100 special assessment, and dismissed the remaining counts against him. (ECF No. 209).

On February 10, 2017, Petitioner filed a Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure 36. (ECF No. 264). In the motion, Petitioner asserts that his sentence was improperly calculated. He states that the Court indicated in his sentencing hearing that it intended for him to receive a two-point reduction of his base offense level in light of Amendments 782 and 788 to

the United States Sentencing Guidelines. Petitioner asserts further that he did not receive the reduction. Accordingly, Petitioner asks the Court to recalculate his sentence pursuant to Federal Rule of Criminal Procedure 36, which in part allows a court to correct a clerical error in a judgment.

On June 6, 2017, Petitioner filed a separate Motion to Vacate Under 28 U.S.C. § 2255, arguing that his sentence should be vacated for different reasons than those discussed in his Motion to Correct Sentence.[1] (ECF No. 271). On March 12, 2018, the Honorable Barry A. Bryant, United States Magistrate for the Western District of Arkansas, filed the instant Report and Recommendation, recommending that the Court deny Petitioner's Motion to Correct Sentence. (ECF No. 289). Judge Bryant found that Petitioner's argument is without merit because, according to the Statement of Reasons entered by the Court following sentencing, Petitioner's base offense level was indeed reduced by "2 levels due to the November 2014 guideline amendments regarding drug quantities." (ECF No. 289). Judge Bryant also found that Petitioner previously raised this same issue in a motion that was denied on November 13, 2015, by the Honorable P.K. Holmes, III, Chief District Judge for the Western District of Arkansas, on the basis that Petitioner already received the 2-level reduction that he sought. Accordingly, Judge Bryant recommended that the Court deny Petitioner's Motion to Correct Sentence.

On March 28, 2018, Petitioner filed a motion requesting a thirty-day extension of time to object to the Report and Recommendation. Although Petitioner did not specify which of Judge Bryant's two pending Reports and Recommendations he requested an extension of time to object to, the Court construed the motion as referring to both of Judge Bryant's Reports and Recommendations and granted the extension. On May 3, 2018, Petitioner filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections.

---

[1] On March 15, 2018, Judge Bryant filed a separate Report and Recommendation, recommending that the Court deny Petitioner's section 2255 motion. (ECF No. 290).

Petitioner's objections are unresponsive to the instant Report and Recommendation. The objections focus on Judge Bryant's separate Report and Recommendation that recommends denial of the section 2255 motion.[2] The only part of Petitioner's objections that could be applied to the instant Report and Recommendation is a section in which Petitioner states that his remaining claims for relief cannot be further expounded upon, and therefore he stands behind his previous filings to address the Report and Recommendation.

The Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Judge Bryant correctly notes that the Statement of Reasons filed by the Court on April 15, 2015, indicates that Petitioner's "Base Offense Level should be reduced by 2 levels due to the November 2014 guideline amendments regarding drug quantities." (ECF No. 210). Thus, it appears that Petitioner has already received the two-level reduction he now seeks.

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation (ECF No. 289) *in toto*. Petitioner's Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 264) is hereby **DENIED**.

**IT IS SO ORDERED**, this 10th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Petitioner's objections argue that Judge Bryant erred in recommending that the Court deny the section 2255 motion without holding an evidentiary hearing.