IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMIE B. MARTIN                                                                                                    PETITIONER

v.                                    Case No. 1:13-cr-10007-001
                                      Case No. 1:17-cv-1042

UNITED STATES OF AMERICA                                                                                RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed March 15, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 290). Judge Bryant recommends that the Court deny Petitioner Jamie B. Martin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 271). Petitioner has filed objections. (ECF No. 295). The Court finds the matter ripe for consideration.

On March 6, 2013, Petitioner was named in four counts of a fifteen-count Indictment filed in the Western District of Arkansas. Counts One and Two charged Petitioner with conspiracy to distribute methamphetamine, and Counts Three and Four charged him with aiding and abetting in the distribution of methamphetamine. On December 11, 2013, Petitioner appeared before the Court with counsel Bill McLean and William Luppen, and pleaded guilty to Count One, pursuant to a written plea agreement. On April 9, 2015, the Court sentenced Petitioner to 240 months' imprisonment and three years' supervised release, imposed a $100 special assessment, and dismissed the remaining counts against him. (ECF No. 209).

On June 6, 2017, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 271). Petitioner argues that his sentence should be vacated, alleging the following five claims of ineffective assistance of counsel: (1) trial counsel allowed him to unknowingly and involuntarily enter into a plea agreement containing an appellate waiver; (2) appellate counsel prematurely raised an ineffective assistance of counsel claim; (3) trial counsel failed to inform him that drug amounts not

admitted to would be used for relevant conduct at sentencing; (4) trial counsel failed to file a motion to suppress evidence at sentencing; and (5) trial counsel was ineffective for failing to contest the government's violation of the terms of the plea agreement. On July 3, 2017, Petitioner filed a supplement to the motion to vacate, including an affidavit signed by Petitioner. (ECF No. 273). On September 25, 2017, the government responded to the instant motion. (ECF No. 275).

On March 15, 2018, Judge Bryant issued the instant Report and Recommendation. Judge Bryant recommends that the Court deny Petitioner's motion to vacate. Judge Bryant separately addressed Petitioner's five claims of ineffective assistance of counsel and found each to be without merit. Specifically, Judge Bryant found that Petitioner's first claim of ineffective assistance of counsel fails because the record shows that Petitioner voluntarily and knowingly entered into a guilty plea containing an appellate waiver. Judge Bryant also found that Petitioner's second claim fails because, even assuming his appellate counsel was ineffective for prematurely raising a claim on direct appeal, Petitioner failed to show that he suffered prejudice. Judge Bryant found further that Petitioner's third claim fails because the plea agreement he entered into advised him of the maximum penalties and the impact of relevant conduct. Judge Bryant also found that Petitioner's fourth claim fails because his plea of guilty forecloses an argument regarding failure to file a motion to suppress, and even if it did not, Petitioner has not shown that a motion to suppress would have been meritorious. Judge Bryant found further that Petitioner's fifth claim fails because the government did not violate the terms of the plea agreement by seeking the maximum possible sentence because the plea agreement explicitly stated the maximum penalty Petitioner could be subject to. Judge Bryant concluded that an evidentiary hearing is not required in this matter because Petitioner is clearly not entitled to the relief he seeks, and that the Court should not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

On May 3, 2018, Petitioner filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's

specific objections.

Petitioner's objections state that Judge Bryant erred in finding that an evidentiary hearing is not required in this matter. Petitioner states that he provided the Court with his affidavit attesting that his lawyer promised him that he would only receive a five-year sentence if he pleaded guilty. Thus, Petitioner states that the Court cannot make a credibility determination regarding his affidavit and deny his motion to vacate without first holding an evidentiary hearing. As to the remainder of the Report and Recommendation, Petitioner states that his arguments cannot be further expounded upon and therefore, he stands behind the arguments made in his motion to vacate.

Generally, "[u]nless the motion [to vacate] and the files and records conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. 2255(b). "A section 2255 petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006).

Petitioner argues that he should be granted a hearing because he provided the Court with his affidavit, which stated in part that his trial counsel promised him that he would receive a sentence of less than five years if he pleaded guilty pursuant to a plea agreement.[1] Judge Bryant addressed this argument in his Report and Recommendation, finding that, even assuming *arguendo* that Petitioner's counsel erroneously informed him about his potential sentence, the plea agreement specifically outlined the maximum possible penalties at sentencing. Judge Bryant also found that the plea agreement, which Petitioner signed, contains a provision stating that Petitioner reviewed the plea agreement with his counsel and understood the plea agreement's contents. Moreover, at Petitioner's change of plea hearing, the Court informed Petitioner that no one, including Petitioner's counsel, could

---

[1] The Court notes that Petitioner's objections also state that "[Petitioner] has provided documents (affidavits) declaring counsel promised a ten year sentence." (ECF No. 295, p. 3).

3

accurately tell him what his specific guideline range would be until a presentence report had been completed, and that attempts otherwise would amount to mere guesses. Petitioner indicated that he understood. Petitioner also told the Court that no one made any promises to get him to sign the plea agreement, other than those contained in the plea agreement, and that he signed the plea agreement voluntarily and of his own free will.

Upon consideration, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. The Court agrees with Judge Bryant that, even taking Petitioner's affidavit as true and assuming that his sentencing counsel incorrectly informed him about the length of his sentence, Petitioner is not entitled to relief because Petitioner's signed plea agreement informed him of the maximum possible sentence he might receive. *See United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009) ("[A] defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence."). Accordingly, the Court agrees with Judge Bryant's finding that no hearing is necessary on the issue. *See Buster*, 447 F.3d at 1132.

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court hereby overrules Petitoner's objections and adopts the Report and Recommendation (ECF No. 290) *in toto*. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 271) is hereby **DENIED**. The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED**, this 23rd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge