IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                          No. 1:13-cr-10007
                            No. 1:21-cv-01014

JAMIE B. MARTIN                                                                  MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Movant Jamie B. Martin's ("Martin") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 346. Martin filed this Motion *pro se* on April 5, 2021. *Id.* The Government responded to this Motion on June 4, 2021, and this matter is now ripe for consideration. ECF No. 358.

This Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of this case. Considering this Motion, and for the reasons outlined below, the Court recommends this Motion be **DENIED,** and Martin's Motion to Vacate under 28 U.S.C. § 2255 be dismissed as a second or successive motion.

1.   **Procedural Background:**

The procedural background in this case has been fully outlined in the Court's prior Report and Recommendation filed on March 15, 2018. ECF No. 290. As stated in that Report and Recommendation, on March 6, 2013, Martin was named in 4 counts of a 15-count Indictment filed in the Western District of Arkansas. ECF No. 1. Counts One and Two charged Martin with conspiracy to distribute methamphetamine while Counts Three and Four charged him with aiding and abetting in the distribution of methamphetamine. *Id.*

Martin pled guilty to Count One of the Indictment. ECF No. 109. Martin was sentenced to 240 months imprisonment, three years supervised release, and a $100 special assessment. ECF

No. 209.  The remaining counts against him were dismissed.  *Id.*  The judgment was filed on April 14, 2015.  *Id.*

Thereafter, on June 16, 2017, Martin filed his first Motion to Vacate under 28 U.S.C. § 2255.  ECF No. 271.  Based upon a review of that Motion, this Court recommended Martin's Motion be dismissed.  ECF No. 290.  That Report and Recommendation was adopted on May 23, 2018.  ECF No. 299.  Now, nearly three years later, Martin has now filed this second Motion to Vacate under 28 U.S.C. § 2255.  ECF No. 346.  The Government has responded to this Motion and requests it be denied as a second or successive Motion under 28 U.S.C. § 2255.  ECF No. 358.

**2.** **Discussion:**

Under the Anti-Terrorism and Effective Death Penalty Act or "AEDPA," Martin was required to obtain a certification by a panel of the Eighth Circuit prior to filing this 2255 Motion.  *See* 28 U.S.C. § 2244(b) (1996).  This provision provides as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application."  *Id.* (emphasis added).

In the present action, Martin did not seek any such authorization from the Eighth Circuit.  Without this authorization, this Court has no jurisdiction over this case.  *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing that, under AEDPA, a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals).  Thus, Martin's Motion under 28 U.S.C. § 2255 (ECF No. 346) should be **DENIED.**

**3.** **Recommendation:**

Accordingly, based on the foregoing, it is recommended Martin's Motion (ECF No. 346)

2

be **DISMISSED** as a second or successive 2255 Motion.[1] Pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.  Further, because Martin has attempted to circumvent the well-established rules in filing 2255 Motions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2255 Motion, the Court recommends Martin be **BARRED** from any further filings with the Court without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **2nd day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).